%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AGARD, JUSTIN

## DEFENDANTS
CITY OF PHILADELPHIA

(b) County of Residence of First Listed Plaintiff  **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1845 Walnut Street, Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  7/26/11
SIGNATURE OF ATTORNEY OF RECORD
Patrick G. Geckle, Esquire

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6635 North Fairhill Street, Philadelphia, PA 19126

Address of Defendant: 1515 Arch Street, 14th Fl., Claims Unit, One Parkway Bldg., Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction: 460 North 2nd Street., Philadelphia, PA 19123
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Patrick G. Geckle, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/26/2011         _____         26718
                        Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/26/2011         _____         26718
                        Attorney-at-Law                  Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JUSTIN AGARD                                  :   CIVIL ACTION
                                              :
           v                        .         :
                                              :
CITY OF PHILADELPHIA, et al.                  :   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits                                                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                            ( X )

| 7/26/2011 | **Patrick G. Geckle** | **Justin Agard** |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN AGARD<br>6635 N. Fairhill Street<br>Philadelphia, PA 19126<br><br>    VS.<br><br>CITY OF PHILADELPHIA<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>POLICE OFFICER KENNETH EMMETT<br>BADGE NUMBER 3183<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>POLICE OFFICER LUIS RIVERA<br>BADGE NUMBER 9918<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>POLICE OFFICER DANIEL PARISEAU<br>BADGE NUMBER 4359<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1594<br>    and<br>POLICE OFFICER QUAY CHIM<br>BADGE NUMBER 2529<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1594 | **Civil Action No.**<br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Attorney ID # 26718 |

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343(1), (3) and (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate claims arising under state law.

### Parties

2. Plaintiff, Justin Agard, is an adult individual, citizen of the Commonwealth of Pennsylvania, and presently resides at 6635 N. Fairhill Street, Philadelphia, PA 19126.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Kenneth Emmett, Luis Rivera, Daniel Pariseau, and Quay Chim.

4. Defendant, Kenneth Emmett, is a police officer for the City of Philadelphia acting under color of state law. He is being sued in both his individual and official capacities.

5. Defendant, Luis Rivera, is a police officer for the City of Philadelphia acting under color of state law. He is being sued in both his individual and official capacities.

6. Defendant, Daniel Pariseau, is a police officer for the City of Philadelphia acting under color of state law. He is being sued in both his individual and official capacities.

2

7. Defendant, Quay Chim, is a police officer for the City of Philadelphia acting under color of state law. He is being sued in both his individual and official capacities.

8. At all relevant times, Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Justin Agard, of his constitutional and statutory rights as hereinafter described.

### Factual Allegations

9. On or about November 6, 2010, at approximately 3:50 a.m., Plaintiff, Justin Agard, was lawfully walking to his car with two friends after leaving Club Fuzion, located at 460 N. 2nd Street in Philadelphia.

10. As Plaintiff was walking to his car, Defendant Police Officer Kenneth Emmett and Defendant Police Officer Luis Rivera told everyone to keep it moving and "Get the f--- up the block." Plaintiff immediately complied with their request and continued toward his car. Plaintiff then asked Defendant Officer Emmett if he was alright and if he had eaten anything that night.

11. After Plaintiff asked Defendant Officer Emmett if he was alright, Defendant Officer Emmett became upset and started aggressively walking towards Plaintiff.

12. As Defendant Emmett approached Plaintiff, Plaintiff stood still and put his hands up in the air to avoid any misinterpretation. Despite Plaintiff's compliant behavior, Defendant Emmett ordered Plaintiff to put his hands behind his back. Plaintiff refused and asked Defendant Emmett why he was being arrested. He was not given

any response. Without cause or justification, Defendant Emmett then grabbed Plaintiff's arm and pulled it behind his back.

13. At that point, Defendant Officer Rivera and Defendant Officer Chim came over to assist Defendant Emmett in arresting Plaintiff. Without cause or justification, the Defendant Officers handcuffed Plaintiff and pushed him up against a metal fence, causing Plaintiff's face to hit the fence and chip his two front teeth.

14. As the three Defendant Officers were pushing Plaintiff against one side of the metal fence, Defendant Officer Pariseau arrived on the opposite side of the fence. Even though Plaintiff was already handcuffed and detained, Defendant Officer Pariseau reached through the fence and pulled Plaintiff towards the metal fence, causing Plaintiff to suffer more damage to his front teeth and a laceration inside his mouth.

15. Plaintiff was then placed into a police vehicle and transported to the 6th District for processing. While in police custody, Plaintiff, Justin Agard, claimed that he was physically injured while being placed under arrest. Plaintiff was released with a citation charging him with disorderly conduct.

16. Upon release from the police station, Plaintiff went to Abington Memorial Hospital for the treatment of injuries caused by Defendant Officers. As a result of the conduct of Defendant Police Officers, Plaintiff suffered injuries including, but not limited to dental fractures, a gingival injury, an oral laceration, and wrist sprain. Furthermore, Plaintiff was unable to work for several days due to his injuries and did not receive payment for the days he was unable to attend work.

17. Despite the fact that Plaintiff had committed no illegal act and had broken no laws, Plaintiff, Justin Agard, was charged with disorderly conduct obscene language/gesture. On January 25, 2011, Plaintiff appeared for trial before the Honorable Jacquelyn Frazier-Lyde of the Municipal Court of Philadelphia County. The charge against Plaintiff was dismissed.

18. Plaintiff, Justin Agard, did not commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia for which an arrest or detention or search and seizure may be lawfully made or engage in any conduct which justified the actions of the Defendants.

19. As a direct and proximate result of the actions of Defendant Officers, Plaintiff, Justin Agard, was arrested and subjected to unreasonable force and arrest without probable cause or any other lawful basis.

20. The unlawful arrest, search, and use of unreasonable force in this case were the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff, Justin Agard, to unreasonable force, search and seizure, and arrest in the absence of probable cause.

21. Defendant Officers acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

22. Defendant Officers engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting Plaintiff to an unreasonable search and seizure, excessive force, and false arrest.

23.  As a direct and proximate cause of the illegal and unconstitutional actions of all Defendants herein, Plaintiff, Justin Agard, sustained physical injuries, suffering, loss of liberty, confinement and emotional trauma, all to his detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

24.  The allegations set forth in paragraphs 1 through 23 are incorporated herein by reference.

25.  As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff, Justin Agard, was deprived of his right to be free from unreasonable search and seizure, excessive force, false arrest, false imprisonment, to be secure in his person and property and to due process of law.  As a result, Plaintiff, Justin Agard, suffered and continued to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

26.  As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured physical injuries, emotional harm, loss of liberty, and financial losses, all to Plaintiff's detriment and loss.

27.  Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the needs for more or different training, supervision, investigation or discipline in the areas of:

a. The use of unreasonable force, excessive force and unlawful arrest by police officers;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, and unlawful arrest;

c. Police officers' use of their status as police officers to employ the use of unreasonable force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

d. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented by this case.

28. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police officers, thereby causing and encouraging Philadelphia police, including the Defendant police officers in this case, to violate the rights of citizens such as Plaintiff, Justin Agard.

29. Defendants have by the above described actions deprived Plaintiff, Justin Agard, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

30. The allegations set forth in paragraphs 1 through 29 are incorporated herein by reference.

7

31. The acts and conduct of the Defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

WHEREFORE, Plaintiff, Justin Agard, respectfully requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable attorney's fees and costs;
d. Such other and further relief as appears reasonable and just; and
e. A jury trial as to each Defendant and as to each count.

Dated: 7/25/2011

PATRICK G. GECKLE LLC

BY: _____
Patrick G. Geckle, Esquire
Id. No.:26718
Maureen O'Connor, Esquire
Id. No.: 208781
1845 Walnut Street, Suite 2300
Philadelphia, PA 19103
(215) 735-3326
Email: pgeckle@pgglaw.com
Email: moconnor@pgglaw.com
Counsel for Plaintiff

8